UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

FEB 24 2012

CHRIS R. JOHNSON, Clerk
By _____
Deputy Clerk

DAWN SHAW,

    Plaintiff

v.

ALLIED INTERSTATE,

    Defendant

Case No.: 12-2040

COMPLAINT AND DEMAND FOR JURY TRIAL

(Unlawful Debt Collection Practices)

## COMPLAINT

DAWN SHAWN ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against ALLIED INTERSTATE, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of Arkansas and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in Fort Smith, Arkansas 72901.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a national debt collection company with its corporate headquarters located at 335 Madison Avenue, 27th Floor, New York, New York 10017.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and attempted to collect a debt from Plaintiff.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff.

11. The alleged debt Defendant was seeking to collect arose out of transactions, which were primarily for personal, family, or household purposes.

12. Plaintiff never incurred any debts in connection with a business or commercial activities and, therefore, the debt, if truly an obligation owed by her, could have only arisen from a financial obligation for primarily personal, family or household purposes.

13. Beginning on in November 2011, Defendant, its agents, employees, and servants engaged in debt collection activities seeking payment from Plaintiff.

14. Defendant, its employees and servants harassed Plaintiff by making continuous and repeated telephone calls to her place of employment.

15. Plaintiff received multiple collection calls from the following phone number: (877) 487-9944, which the undersigned has confirmed is a telephone number belonging to Defendant.

16. Plaintiff's employer does not permit her to receive debt collection calls at her place of employment.

17. Furthermore, it was inconvenient for Plaintiff to receive debt collection calls at her place of employment.

18. On more than one occasion, Plaintiff informed Defendant that she was not allowed to receive collection calls at her place of employment.

19. However, Defendant ignored Plaintiff's instructions to cease contacting her at work.

20. Defendant contacted Plaintiff, on average, at least two (2) times a day at her place of employment, causing her to receive more than ten (10) collection calls a week.

21. When contacting Plaintiff at her place of employment, Defendant would speak with the receptionist and advise that they were calling Plaintiff about "an urgent business matter," which would cause the receptionist to transfer the call to Plaintiff.

22. Each time, Plaintiff would inform Defendant not to call her at work.

23. Then, on November 15, 2011, Defendant called Plaintiff's place of employment and spoke with the owner of the company, advising the owner that Plaintiff "has a debt with them" and that they "were trying to collect personal data."

24. Plaintiff never authorized Defendant to disclose details about any debt to her employer.

25. Defendant contacted Plaintiff at her place of employment, despite knowing that she was not allowed to receive calls at her place of employment,

having the intent to harass Plaintiff, hoping that to do so would cause Plaintiff to make payment on the alleged debt.

26. Further, it was embarrassing, humiliating, and upsetting for Plaintiff to receive Defendant's collection calls at her place of employment, particularly since Defendant spoke to her co-workers about the alleged debt, deceptively claiming it was calling about an "urgent business matter" and revealing that she "had a debt."

27. Within five (5) days of its initial contact with Plaintiff, Defendant failed to send Plaintiff written notification of her rights to dispute the debt and/or request verification of the debt, as well as to provide her with information about the alleged debt, including the name of the creditor and the amount of the debt it was seeking to collect.

28. Upon information and belief, Defendant sought to collect a debt from Plaintiff despite the fact that it had no knowledge of its validity.

29. Defendant's actions in attempting to collect the alleged debt were harassing, abusive and highly deceptive.

## CONSTRUCTION OF APPLICABLE LAW

30. The FDCPA is a strict liability statute. <u>Taylor v. Perrin, Landry, deLaunay & Durand</u>, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes

strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); see also Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); Clomon v. Jackson, 988 F. 2d 1314 (2d Cir. 1993).

31. The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §1601 *et seq.*, is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107 (10th Cir. 2002).

32. The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985); Graziano v. Harrison, 950 F. 2d 107 (3rd Cir. 1991); Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222 (9th Cir. 1988). The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less

experienced." Id. The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. Clomon, 988 F. 2d at 1318.

### COUNT I
### DEFENDANT VIOLATED THE
### FAIR DEBT COLLECTION PRACTICES ACT

33. In its actions to collect a disputed debt, Defendant violated the FDCPA in one or more of the following ways:

   a. Defendant violated of the FDCPA generally;

   b. Defendant violated §1692c(a)(3) of the FDCPA by communicating with Plaintiff at her place of employment where the debt collector knows or has reason to know that her employer prohibits the consumer from receiving such communication;

   c. Defendant violated §1692c(b) of the FDCPA by communicating, in connection with the collection of a debt, with a person other than Plaintiff;

   d. Defendant violated §1692d of the FDCPA by harassing Plaintiff in connection with the collection of an alleged debt;

- 7 -

PLAINTIFF'S COMPLAINT

e. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring repeatedly or continuously with the intent to annoy, abuse, and harass Plaintiff;

f. Defendant violated §1692f of the FDCPA by using unfair and unconscionable means with Plaintiff to collect or attempt to collect a debt; and

g. Defendant violated §1692g(a) of the FDCPA by failing to send written notification to Plaintiff within five days of its initial communication with her containing the amount of the debt, the name of the creditor to whom the debt is owed, and a statement advising her of her rights to dispute the debt and/or request verification of the debt and/or request the name and address of the original creditor; and

h. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

WHEREFORE, Plaintiff, DAWN SHAW, respectfully prays for a judgment as follows:

    a.    All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

PLAINTIFF'S COMPLAINT

b.    Statutory damages of $1,000.00 for violating the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d.    Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, AMANDA SHAW, demands a jury trial in this case.

DATED: 02/21/12

RESPECTFULLY SUBMITTED,

KIMMEL & SILVERMAN, P.C.

By: *Tara Patterson*
Tara L. Patterson
PA Attorney Id. No. 88343
30 E. Butler Avenue
Ambler, PA 19002
Phone No. (215) 540-8888 ext. 103
Fax No. (877) 788-2864
Email: tpatterson@creditlaw.com

*Attorney for Plaintiff*

PLAINTIFF'S COMPLAINT