IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DAWN SHAW                                                                                                  PLAINTIFF

v.                                               Case No. 2:12-CV-02040

ALLIED INTERSTATE                                                                                   DEFENDANT

## MEMORANDUM OPINION AND ORDER

Currently before the Court are Plaintiff Dawn Shaw's Motion for Attorney's Fees and Costs (Doc. 23) and brief in support (Doc. 24), Defendant's Response (Doc. 25/27) and brief in support (Doc. 26), and Plaintiff's Reply (Doc. 29). The Court finds that Plaintiff's Motion should be granted in part as set forth below.

**I. Background**

Plaintiff filed her Complaint (Doc. 1) against Defendant under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, alleging that Defendant violated the FDCPA by calling Plaintiff at her place of employment; communicating with Plaintiff's boss about Plaintiff's debt; harassing Plaintiff; using unfair and unconscionable means to attempt to collect on Plaintiff's debt; and failing to send Plaintiff appropriate written notification regarding her debt, as well as other unspecified, general violations.

On September 13, 2012, Plaintiff filed her Notice of Acceptance of Defendant's Offer of Judgment. (Doc. 19). In accordance with the offer and acceptance of judgment and pursuant to Federal Rule of Civil Procedure 68(a), the Clerk entered Judgment (Doc. 20) against Defendant and in favor of Plaintiff in the amount of $750, plus reasonable costs and attorneys' fees. The amount

of the reasonable costs and fees was left to be determined by the Court if the parties could not reach an agreement. It appears that the parties were unable to reach an agreement and have now fully briefed the issue for the Court's decision.

## II. Discussion

The parties do not dispute that Plaintiff is entitled to reasonable attorneys' fees and costs. Under the FDCPA, a plaintiff in a "successful action to enforce [FDCPA] liability" can recover "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). The parties also do not dispute that Plaintiff was successful in this action under the FDCPA. Plaintiff requests an award of attorneys' fees in the amount of $3,142.50 and costs in the amount of $350.00. Defendant does not object to the requested costs, but does object to amount of attorneys' fees requested. Defendant objects to both the amount of time and the rates claimed by Plaintiff's attorneys.

The starting point for determining attorneys' fees is the lodestar, which is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424 (1983); *Hanig v. Lee*, 15 F.3d 822, 825 (8th Cir. 2005).

The Court finds that the amount of time Plaintiff spent on this case is not reasonable. Plaintiff's fee request includes fees for time spent in researching, drafting, discussing, and filing her Motion to Strike (Doc. 11) certain of Defendant's affirmative defenses. The Court views the Motion to Strike as ill-advised and unnecessary. The most likely reason for filing such a motion in this FDCPA action, where the total possible recovery is low and the likelihood of going to trial very low, is to generate attorneys' fees at an early stage of the litigation before the action is settled. The Court cannot find that it was reasonable for Plaintiff's attorney to expend time and resources in filing that

Motion, and so discounts any time spent on the Motion. Therefore, Mr. Gentilcore's time is reduced by 3.3 hours; Ms. Patterson's time is reduced by 1.3 hours; Mr. Kimmel's time is reduced by 0.7 hours; and Ms. Fitti's time is reduced by 0.1 hours.

The Court finds that the time spent by Ms. Patterson in reviewing electronic case filing notification emails was either overstated or unreasonable, and further reduces her time by 0.5 hours. The Court also discounts Mr. Gentilcore's 0.3 hours spent in locating Plaintiff's current telephone number and discussing Plaintiff's contact information with Ms. Patterson, as such work would have been made unnecessary had Plaintiff's file been appropriately maintained. Alternatively, such work is administrative and was unnecessarily performed by an associate. Finally, the Court notes that on page 4 of Plaintiff's attorneys' itemized time sheet, although one entry for Ms. Fitti on May 4, 2012 indicates no time was billed for Ms. Fitti's performance of an administrative task, 0.1 hours were billed. It appears that this was in error, and the Court will not award fees for that 0.1 hours of Ms. Fitti's time.

The Court will not, however, reduce the time for which Plaintiff's attorneys may recover fees based solely on the fact that the pleadings filed in this case are similar to pleadings filed in other cases by the same firm. The Court finds that the time spent by Plaintiff's attorneys on this case appears to have been appropriate and reasonable when considering that time is necessarily spent in analyzing and applying the facts of Plaintiff's particular circumstances even when using largely standard pleadings.

Based on an analysis of all the relevant factors,[1] the Court finds that the rates requested by

---

[1] *See Hensley*, 461 U.S. at n.3(listing factors for the Court to consider in determining whether a requested attorney's fee is reasonable).

Plaintiff's attorneys are not reasonable for work performed in litigating a straightforward FDCPA case in this community. *See Casey v. City of Cabool, Mo.*, 12 F.3d 799, 805 (8th Cir. 1993) (the Court should consider the relevant market, which could include the local geographic community or the market for a particular legal specialization, in determining the reasonableness of a fee). The Court finds that reasonable rates in this case are as follows: $250 per hour for Craig Thor Kimmel, $200 per hour for both Tara L. Patterson and Amy L. Bennecoff, $150 per hour for Joseph L. Gentilcore,[2] and $75 per hour for Katelynn Fitti. *See Farris v. NCO Fin. Sys., Inc.*, 2011 U.S. Dist. LEXIS 129564 (W.D. Ark. 2011) (in FDCPA action, awarding $250.00 per hour for a partner in a law firm, $150.00 per hour for an associate, and $75.00 for a paralegal).

Based on the above findings the Court finds that Plaintiff is entitled to an award of attorneys' fees and costs in the total amount of $2,065.00. This award represents 1.3 hours by Mr. Kimmel at an hourly rate of $250, 6.1 hours by Ms. Patterson at an hourly rate of $200, 0.4 hours by Ms. Benecoff at an hourly rate of $200, 0.1 hours by Mr. Gentilcore at an hourly rate of $150, and 1.0 hour by Ms. Fitti at an hourly rate of $75, plus costs of $350.

**III. Conclusion**

For the reasons set forth above, IT IS ORDERED that Plaintiff's Motion for Attorney's Fees and Costs (Doc. 23) is GRANTED IN PART, and Plaintiff is awarded $1,715.00 in attorneys' fees together with $350.00 in costs.

---

[2] Plaintiff requested $150 as the hourly rate for Mr. Gentilcore, and the Court finds that request to be reasonable.

IT IS SO ORDERED this 19th day of December, 2012.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE